```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**SYLVESTER MAURICE LIPSCOMBE,**

        Petitioner,

v.                                                          2:O9CV102

**UNITED STATES OF AMERICA,**

        Respondent.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on a petition for writ of error coram nobis. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

In 1986, in the Circuit Court of King and Queen County, Virginia, petitioner was convicted of breaking and entering with the intent to commit larceny and petit larceny and was sentenced to serve six months and ten days imprisonment. On May 9, 2002, in the United States District Court for the Eastern District of Virginia, Richmond Division, petitioner was convicted of federal offenses, for which he was sentenced to 188 months. Petitioner alleges that his federal sentence was enhanced due to the two prior state convictions. Petitioner is currently serving his federal sentence at FCI Petersburg.

### II.  Grounds Alleged

Petitioner challenges his 1986 state court convictions and seeks to have both convictions declared void, vacated, and expunged from his record. By order filed March 4, 2009, the Court directed that

petitioner clarify whether he is directly challenging his state court convictions pursuant to 28 U.S.C. § 2254, or whether he is challenging his federal sentence, as enhanced by the state court convictions, pursuant to 28 U.S.C. § 2255.

On March 12, 2009, petitioner filed objections to the Court's order, contending that his petition was properly filed as a petition for writ of error coram nobis because relief is not available to him under either § 2254 or § 2255. Specifically, petitioner contends that he cannot challenge his state convictions in a § 2254 petition because he is no longer in state custody, but he makes no argument as to why a § 2255 motion is improper.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The writ of error coram nobis has been abolished in civil cases. United States v. Beggerly, 524 U.S. 38, 44-45 (1998). While not totally abolished in criminal cases, the writ of coram nobis has been largely supplanted by § 2255. See Carlisle v. United States, 517 U.S. 416, 429 (1996); United States v. Addonizio, 442 U.S. 178, 185-86 (1979). One of the few remaining situations in which a writ of error coram nobis may still be appropriate is when a petitioner has completed a sentence on a conviction which was void. See, e.g., United States v. Mandel, 862 F.2d 1067, 1074-75 (4th Cir. 1988). A judgment is not void merely because it is erroneous; a void judgment is one where the court lacked subject matter or personal jurisdiction or acted in a way that was inconsistent with due process. Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992). Moreover, there are two primary requirements for issuance of a writ of coram nobis: first, there must have been a fundamental error and (2) no other remedies are available. Id. at 175.

Petitioner contends that he cannot obtain relief under either § 2254 or § 2255, therefore, the writ of error coram nobis is the only remedy available to him. The Court notes that petitioner is correct in his contention that he cannot obtain relief under § 2254. The Court clearly has no jurisdiction over Lipscombe's state court convictions because he has completed those sentences and is no longer in state custody. Harris v. Ingram, 683 F.2d 97, 98 (4th Cir. 1982).

A motion made pursuant to § 2255 "provides the primary means of collateral attack of a federal sentence. Relief under this section is warranted for any error that 'occurred at or prior to sentencing.'" Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). Therefore, § 2255 is a federal prisoner's exclusive remedy for collaterally attacking the imposition of a sentence, unless the remedy is inadequate or ineffective. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).[1] Petitioner bears the burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000); Whiting v. Hunter, 204 F.2d 471, 472 (10th Cir. 1953) (per curiam) (stating that "the remedy afforded by [§ ] 2255 is exclusive unless for some reason the remedy by motion is inadequate to test the legality of the prisoner's detention and . . . one may not by-pass the

---

[1] Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

remedy afforded thereby or after his rights have been exhausted thereunder"). The remedy available under § 2255 is not inadequate or ineffective merely because petitioner is procedurally barred from filing a § 2255 motion. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Petitioner appears to be challenging his federal sentence, because his federal sentence was increased by the allegedly invalid prior state convictions. If assertable at all, such a claim could only be filed in the sentencing court as a motion to vacate under § 2255. Daniels v. United States, 532 U.S. 374 (2001); Harris, 683 F.2d at 98. Petitioner provides no reason why his claim is not properly brought under § 2255, other than a vague admission that such a motion would be procedurally barred. See 28 U.S.C. § 2255(f). The mere fact that a motion under § 2255 would now be time-barred does not make the remedy unavailable. See In re Vial, 115 F.3d at 1194 n.5.

Petitioner has failed to demonstrate that § 2255 is inadequate to challenge the imposition of his federal sentence. Accordingly, the petition for a writ of error coram nobis should be DISMISSED without prejudice to petitioner's right to file a § 2255 motion in the sentencing court.[2]

## II. RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition for writ of error coram nobis be DISMISSED.

## III. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

---

[2] Since the petition is improperly before the Court, respondent has not been required to file responsive pleadings.

4

  1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); Fed. R. Civ. P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

  2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

  The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


                         _____/s/_____
                         **James E. Bradberry**
                         **United States Magistrate Judge**

**Norfolk, Virginia**

**April 10, 2009**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

```
Sylvester Maurice Lipscombe
Reg. No. 37116-083
FCI Petersburg
P.O. Box 90043
Petersburg, VA 23804
```

Fernando Galindo, Clerk

By _____
         Deputy Clerk

_____, 2009